Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Tiffany A. Tavernier**,<br><br>Debtor. | Case No. 21-31157-dwh7 |
| **VL Wallace Investments, LLC**<br>d/b/a Transworld Business Advisors<br>of North DFW**,**<br><br>Plaintiff,<br><br>v.<br><br>**Tiffany A. Tavernier**,<br><br>Defendant. | Adversary Proceeding No. 21-03030-dwh<br><br>MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO COMPEL |

Page 1 – MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO etc.

## I. Introduction[1]

Plaintiff, VL Wallace Investments, LLC, has moved to compel production by defendant, Tiffany A. Tavernier, of several requests for production of documents and interrogatories.[2]

For the reasons that follow, I will grant the motion in part with respect to interrogatory 6 and otherwise deny the motion.

## II. Requests for production of documents

### A. *Requests 1, 2, and 7*

In document-production requests 1, 2, and 7, Wallace requested production of certain communications between Tavernier and Scott Hartman or any other person associated with Advantage Business Brokers and communications with prospective sellers or buyers. Tavernier responded that the requested items are no longer in her possession, control, or custody.

In the motion, Wallace argues that I should disbelieve Tavernier's denial that she has possession, custody, or control of the requested documents. Specifically, Wallace contends that Tavernier "should have access to the requested documents and communications . . . unless [Tavernier] is effectively 'locked-out' of all of her email accounts in which she engaged in business with Advantage," and the requested "information could be located on her computer's hard drive and email accounts by preforming a simple key-

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF No. 47.

word search for the above-referenced documents." Wallace also contends that, even if Tavernier's response is believed and she does not have actual possession of the requested documents, her former possession of them while working with Advantage gives her ownership of them, which in turn requires that she diligently search for, obtain, and produce them to Wallace.

In Tavernier's response to the motion, she says that she no longer has the computer that she used in Texas, access to the Transworld or Advantage platforms, or the telephone and personal email account that she had in Texas.

On this record, I cannot make a factual finding that Tavernier in fact possesses or can obtain the requested documents from email accounts or computers to which she retains access.

Wallace also argues that Tavernier has a legal right to possess emails or other documents that she possessed while working with Advantage and thus must diligently search for, obtain, and produce them.

Federal Rule of Civil Procedure (Civil Rule) 34(a)(1) permits discovery of documents in the "possession, custody, or control" of a party served with a production request. In a 1989 Ninth Circuit decision, *U.S. v. International Union of Petroleum and Indus. Workers, AFL-CIO* (*IUPIW*), the court defined control in Civil Rule 34(a)(1) as "the legal right to obtain documents upon demand" and held that "[t]he party seeking production of documents . . .

bears the burden of proving that the opposing party has . . . control."[3] In a 1999 decision, *In re Citric Acid Litigation*,[4] which addressed "control" as used in Civil Rule 45(a)(1)(A)(iii), the Ninth Circuit rejected the notion that "proof of theoretical control" suffices; rather, a "showing of actual control is required." The court also rejected the notion that a party's "practical ability to obtain the requested documents" constitutes control; rather, "the legal control test is the proper standard under Rule 45."[5] Although *Citric Acid* addressed control as used in Civil Rule 45, there is no reason why it should be interpreted differently in Civil Rule 34(a)(1), and district courts have so held.[6]

Wallace has offered no evidence that Tavernier's former business relationship with Advantage gives her a legal right to obtain upon demand any documents from Advantage. Nor has Wallace offered evidence that Advantage is an employee or agent of Tavernier or otherwise under her control. Thus, Wallace has not satisfied its burden of proving that Tavernier has actual control over documents she does not possess. Absent proof of Tavernier's actual control, she has no obligation to seek, diligently or otherwise, documents possessed by Advantage or other third parties.

---

[3] 870 F.2d 1450, 1452 (9th Cir. 1989).
[4] 191 F.3d 1090 (9th Cir. 1999).
[5] 191 F.2d at 1107.
[6] International Longshore and Warehouse Union v. ICTSI Oregon, Inc., No. 3:12-cv-1058-SI, 2018 WL 6305665, at *3 (D. Or. Dec. 3, 2018) (applying *Citric Acid)*; Villery v. Crounse, No. 1:18-cv-01623-JLT-SKO (PC), 2022 WL 1154405, at *2 (E.D. Cal. Apr. 19, 2022) (applying *IUPIW*).

Page 4 – MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO etc.

I will deny the motion as to requests 1, 2, and 7.

### B. *Requests 3, 4, 8, and 10*

In requests 3, 4, 8, and 10, Wallace requested agreements with Advantage related to the listing, sale, or purchase of businesses in Texas; documents relating to the compensation she earned on the Advantage platform; documents related to the listing, sale, or purchase of certain businesses; and documents reflecting or related to transactions for the sale or purchase of certain businesses. Tavernier's responses asserted that identification of responsive documents—which in each case must "relate to" events or topics—would reveal her lawyer's work product. But she also denied have possession, custody, or control of any of those requested documents.

In the motion, Wallace argues that (1) Tavernier's work-product objection is unsupported as a matter of law, (2) I should disbelieve her denial that she has possession, custody, or control and conclude that she and her lawyer have failed to conduct a diligent search for responsive documents, and (3) in any case, she must search for and obtain the documents from another source.

In Tavernier's response to the motion, she argues that (1) Wallace has not identified a third party under Tavernier's control from whom she could obtain the requested documents, (2) it has offered no evidence that she has any employee or agent or other person under her control from whom she could obtain the requested documents, (4) she no longer has access to her Advantage or Transworld email accounts, which were the only accounts she

used for her work with Advantage and Transworld, (4) she has no legal right to obtain documents from former employers, and (5) it has offered no evidence that she has emails or other electronic documents stored on a computer to which she has access or printed hard copies of documents or emails.

As is the case for requests 1, 2, and 7, this record does not suffice for me to make a factual finding that Tavernier in fact possesses or can obtain the requested documents from email accounts or computers to which she retains access. I thus need not address the legal sufficiency of her claim that producing the requested documents would violate the work-product privilege. And Wallace has not satisfied its burden of proving that she has actual control over documents she does not possess.

I will deny the motion as to requests 3, 4, 8, and 10.

### C. *Requests 13 and 14*

In request 13, Wallace requested documents by which Tavernier copied its business forms used in business brokerage. In request 14, it requested certain documents that she accessed, created, or modified as business forms for business brokerage, including native versions. She responded that the request 13 documents do not exist, and the request 14 documents are no longer in her possession, custody, or control.

In the motion, Wallace contends that Tavernier's responses are false. Specifically, it contends that responsive documents were sent by or found by it on work email accounts used by her.

As is the case for requests 1, 2, and 7, this record does not suffice for me to make a factual finding that Tavernier in fact possesses or can obtain the requested documents from email accounts or computers to which she retains access.

I will deny the motion as to requests 13 and 14.

### D. Request 15

In request 15, Wallace sought statements for bank accounts where Tavernier deposited compensation for business brokerage in Texas. She objected, arguing that the requested documents are not relevant and are beyond the scope of discovery. But she also agreed to produce responsive documents within her possession, custody, or control.

In the motion, Wallace argues that (1) evidence of Tavernier's compensation for brokerage work that it contends breached her agreement with it is relevant to determining the amount of its 11 U.S.C. § 523(a)(6) claim for willful and malicious injury, and (2) she has produced statements only for the period November 16, 2018, to October 15, 2019, leaving unproduced statements from May 15 through November 16, 2018, and from October 15, 2019, to the present. In her response to the motion, she says that she had previously banked at Chase and Wells Fargo when she did business in Texas, but she no longer had access to those accounts. She did not restate her position that request 15 seeks irrelevant documents.

I read Tavernier's response to request 15 and to the motion with respect to request 15 to agree to produce all requested bank statements that she possessed or to which she had access. Wallace has not offered evidence that she possesses or has access to any statements other than those already produced. Nor has it offered evidence that she has the legal right to possess statements that the banks issued. In the absence of evidence that she possesses or has access or the legal right to obtain bank statements that she has not yet produced to it, and because she has not addressed relevance in her response to the motion, I need not address whether request 15 seeks irrelevant documents.

I will deny the motion as to request 15.

### III. Interrogatories

#### A. *Interrogatory 1*

Interrogatory 1 asks Tavernier to identify certain businesses that she obtained a listing to sell. She answered interrogatory 1 by referring to an attached spreadsheet listing 11 business names.

In the motion, Wallace contends that the spreadsheet is incomplete because Tavernier admitted in her Federal Rule of Bankruptcy Procedure 2004 examination that she had received referral fees or commissions for closings of two business sales on behalf of Advantage. In her response to the motion, she said that (1) she did the best she could to describe the listings that she could remember, (2) the spreadsheet also included

companies that she had contact with, all when with Transworld, and (3) she did not have listings with Advantage or anyone else.

Wallace doesn't complain that the asserted incompleteness of the spreadsheet provided as part of the answer to interrogatory 1 is due to any unfounded objection to or misinterpretation by Tavernier of the interrogatory. She asserts that the spreadsheet is her best effort to answer that interrogatory, and any errors in it are due to her imperfect memory and lack of document access.

Wallace's evidence that the spreadsheet is incomplete is not a reason for me to compel Tavernier to answer the interrogatory again.

I will deny the motion as to interrogatory 1.

### B.  *Interrogatory 3*

Interrogatory 3 asks Tavernier to identify certain "prospective or actual buyers to which you mentioned or showed a listing of a business." In her response, she objected, contending that the interrogatory is vague and excessively broad. She nevertheless referred to the spreadsheet and provided four additional business names.

In the motion, Wallace contends that the interrogatory is neither vague nor overly broad, and that objection is legally insufficient, and the answer isn't responsive to the interrogatory. In Tavernier's response to the motion, she said that she had few records of anything and had to rely on memory. She doesn't explain specifically what she claims to be vague or overly broad about

interrogatory 3's a request for buyers to which she mentioned or showed a listing, as required by Civil Rule 33(b)(4). And it doesn't appear on its face to be vague or overly broad.

The spreadsheet is Tavernier's answer to interrogatory 1, which asks for the names of "businesses . . . with which you obtained a listing to sell a business"—in other words, a list of businesses listed to be sold. But interrogatory 3 asks for a list of potential or actual buyers of the listed businesses. The spreadsheet cannot answer both interrogatories. But because the error in her reference to the spreadsheet is obvious to Wallace, that error does not by itself detract from the accuracy of the answer.

The four names that Tavernier provided in addition to the spreadsheet reference is her response responsive to interrogatory 3. In other words, they are, according to her, the potential or actual buyers to whom she mentioned or showed a listing and therefore her answer to the interrogatory.

I will deny the motion as to interrogatory 3.

### C. *Interrogatory 5*

Interrogatory 5 asked that Tavernier identify all closings of businesses in Texas for which she received compensation. She answered solely by referring to her answer to interrogatory 3.

In the motion, Wallace restates its defense of Tavernier's vagueness and overbreadth charges against interrogatory 3 and complains that the answer to interrogatory 1 is not a complete answer to interrogatory 5 because the

answer is missing several closings. In her response to the motion, she suggests that her answer was limited by her records and memory and that it already has the requested information.

For the reasons I gave above for overruling Tavernier's vagueness and overbreadth challenges to interrogatory 3, I overrule them as to interrogatory 5. And for the reasons I gave above for overruling Wallace's incompleteness challenge to the answer to interrogatory 1, I overrule it as to interrogatory 5.

I will deny the motion with respect to interrogatory 5.

### D.  *Interrogatory 6*

Interrogatory 6 asked that Tavernier list the amounts she received from Hartman, Hartman Investments, or Advantage, with specific information regarding each payment: the payee, amount, date, means of remittance (check, wire, or other), purpose, and deposit bank. She answered by listing three business names and a date and dollar amount for each.

In the motion, Wallace contends that Tavernier did not provide means of remittance, purpose, or deposit bank, as specifically requested, and she admitted in her 2004 examination to having received commissions from closing of two business sales and approximately seven loans from Hartman, none of which was disclosed in her answer. Her response to the motion with respect to interrogatory 5 does not address the motion, other than to assert

that information she provided to it "pretty much gave them the information that they needed" and to narrate discussions between the parties' lawyers.

Because Tavernier did not object to providing the means of remittance, purpose, and deposit bank for each payment responsive to interrogatory 6 and has not asserted that she lacks that information, I will grant the motion as to the request for those data for each of the three payments described in the answer.

## IV. Conclusion

I will grant in part the motion to compel with respect to interrogatory 6 but otherwise deny the motion.

I've denied portions of the motion based on Tavernier's assertions of fact that she has no documents responsive to requests for production and that her interrogatory answers are correct. Wallace will have, or will have had, an opportunity to test the veracity of those factual assertions in its deposition of her. If it develops evidence contradicting any of those assertions, at deposition or otherwise, it can seek appropriate relief.

I will prepare an order.

###