DISTRICT OF OREGON
**F I L E D**
**December 16, 2022**
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF OREGON

| | |
|---|---|
| In re **Tiffany A. Tavernier**, Debtor. | Case No. 21-31157-dwh7 |
| **VL Wallace Investments, LLC,** d/b/a Transworld Business Advisors of North DFW, Plaintiff, v. **Tiffany A. Tavernier**, Defendant. | Adversary Proceeding No. 21-03030-dwh MEMORANDUM SUPPLEMENTING MEMORANDUM DECISION ON SUMMARY-JUDGMENT MOTIONS AND MOTION TO DISMISS[1] |

---

[1] This disposition is specific to this action. It may be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM SUPPLEMENTING MEMORANDUM etc.

**I. Introduction**

On October 5, 2020, I filed a memorandum decision on the cross summary-judgment motions and a motion to dismiss.[2] This supplement to that decision addresses the November 23, 2022, letter from Terrance Slominski, the lawyer for defendant, Tiffany A. Tavernier.[3] In that letter, he asks that I rule on an assertion in her memorandum supporting her motion for summary judgment. That assertion is that the claim of plaintiff, VL Wallace Investments, LLC, under 11 U.S.C. § 523(a)(6) is legally insufficient because "[t]he restrictions on [Tavernier] were unreasonable and unenforceable."[4]

For the following reasons, I adhere to my decision denying Tavernier's motion.

**II. Background**

I note for this supplement the following facts, but I also rely on all other facts set forth in the initial memorandum decision.

Wallace's complaint includes two claims for relief under two provisions of 523(a), the second of which is 523(a)(6).[5] The facts on which it bases that claim include "stealing [Wallace's] listings for the sale of client businesses" and "usurping [Wallace's] business brokerage opportunities through the

---

[2] ECF No. 74.
[3] ECF No. 85.
[4] ECF No. 33 at 4.
[5] ECF No. 1 at 6–7 ¶¶ 28–34.

Page 2 – MEMORANDUM SUPPLEMENTING MEMORANDUM etc.

Advantage platform including the presentation of potential buyers of businesses," both of which "were prohibited by the clear terms of the Purchase Agreement and Independent Contractor Agreement."[6]

Tavernier moved for summary judgment on the entire complaint.[7] After positing that Wallace's "main claim against [Tavernier] is the alleged violation of the noncompete clause in the Purchase Agreement," she makes two arguments against the legal sufficiency of the 523(a)(6) claim, the second of which is that "[t]he restrictions on [her] were unreasonable and unenforceable" under section 15.50(a) of the Texas Business and Commerce Code.[8] She then alleges that Wallace seeks to enforce "a covenant that would prevent [her] from earning a living anywhere within the entire State of Texas for 5 years regardless of whether [Wallace] upheld its obligations."

In Wallace's response to Tavernier's motion,[9] it did not address her argument under 15.50(a).

## III.  Analysis

Under 15.50(a), a noncompete that is ancillary to or part of an otherwise enforceable agreement when made is enforceable—

> to the extent it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee

---

[6] ECF No. 1 at 6–7 ¶ 29(2)–(4).
[7] ECF No. 30.
[8] ECF No. 33 at 4.
[9] ECF No. 37.

Page 3 – MEMORANDUM SUPPLEMENTING MEMORANDUM etc.

and do not impose a greater restraint than is necessary to
protect the goodwill or other business interest of the promisee.

Tavernier appears implicitly to argue that—as a matter of law—the statute renders unenforceable a noncompete lasting five years and covering the state of Texas. In her supporting memorandum, she quotes the statute and cites the Texas Supreme Court's 2006 decision in *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*.[10]

As framed by the statute, the reasonableness determination it requires is a prototypical genuine dispute as to a material fact under Federal Rule of Civil Procedure 56(a), preventing summary judgment. Tavernier does not explain how *Sheshunoff* supports her argument here. Finally, she does not engage with the statute's language making a noncompete unenforceable only to the extent that its limitations are unreasonable.

## IV. Conclusion

For the reasons set forth above, I reject Tavernier's argument that the noncompetes are, as a matter of law, unreasonable and unenforceable, making Wallace's 523(a)(6) claim legally insufficient. I adhere to my denial of her motion.

### #

---

[10] 209 S.W.3d 644 (Tex. 2006).

Page 4 – MEMORANDUM SUPPLEMENTING MEMORANDUM etc.